UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JUL 14 2011 ★
LONG ISLAND OFFICE

LORI JOHNSON on behalf of herself and all others similarly situated

Plaintiff,

-against-

UNITED COLLECTION BUREAU, INC.

Defendant.

CV 11 3410

SUMMONS ISSUED

MAUSKOPF, J.

**CLASS ACTION COMPLAINT**

***Introduction***

1. Plaintiff seeks redress for the illegal practices of United Collection Bureau, Inc. concerning the collection of debts, in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et *seq.* ("FDCPA").

***Parties***

ORENSTEIN, M.J.

2. Plaintiff is a citizen of the State of New York who resides within this District.

3. Plaintiff is a "consumer" as that term is defined by Section 1692(a)(3) of the FDCPA, in that the alleged debt that defendant sought to collect from plaintiff is a consumer debt, purportedly owed to Wyckoff Heights Medical.

4. Upon information and belief, United Collection Bureau, Inc. is an Ohio Corporation which was commenced in July, 1997. It is a foreign active corporation with its registered agent being CT Corporation System.

5. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

6. Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

*Jurisdiction and Venue*

7. This Court has Federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district. Venue is also proper in this district since the defendant transacts business in this district and the collection letter was sent into this district.

*Allegations Particular to Lori Johnson*

9. On information and belief, on a date better known by defendant, defendant began attempting to collect an alleged consumer debt from the plaintiff.

10. On or about July 15, 2010 defendant sent the plaintiff a collection letter seeking to collect an alleged balance owed to Wyckoff Heights Medical for personal purposes.

11. Said letter states in pertinent part as follows: "If your creditor does not receive either payment in full or communication from you regarding arrangements, they will assume that you intend to ignore your obligation. Your creditor will then assign this debt for collection to enforce all permissible creditor's remedies against you, subject to the Fair Debt Collection Practices Act."

12. Said letter contains false threats, deceptive representations and contradicts the plaintiff's right to dispute the debt in violation of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692e (5), 1692e(10) and 1692g.

## AS AND FOR A FIRST CAUSE OF ACTION

***Violations of the Fair Debt Collection Practices Act brought by plaintiff on behalf of herself and the members of a class, as against the defendant.***

13. Plaintiff restates, realleges, and incorporates herein by reference, paragraphs 1-12 as if set forth fully in this Cause of Action.

14. This count is brought on behalf of plaintiff and the members of a class.

15. The Class consists of consumers who received the same form letter, as did the plaintiff.

16. The Class consists of all persons whom Defendant's records reflect resided in the State of New York and who were sent a collection letter (a) bearing the defendant's letterhead in substantially the same form as the letter sent to the plaintiff on or about July 15, 2010 sent within one year prior to the date of the within complaint; (b) the collection letter was sent to a consumer seeking payment of a debt; and (c) the collection letter was not returned by the postal service as undelivered (d) and that the letter contained violations of 15 U.S.C. §§ 1692e(5), 1692e(10) and 1692g.

17. Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

(A) Based on the fact that the collection letters that are at the heart of this litigation are mass-mailed form letters, the class is so numerous that joinder of all members is impracticable.

(B) There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. The principal question presented by this claim is whether the Defendant violated the FDCPA.

(C) The only individual issue is the identification of the consumers who received the letters, (*i.e.* the class members), a matter capable of ministerial determination from the records of Defendant.

(D) The claims of the plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

(E) The plaintiff will fairly and adequately represent the class members' interests. The plaintiff has retained counsel experienced in bringing class actions and collection-abuse claims. The plaintiff's interests are consistent with those of the members of the class.

18. A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

19. If the facts are discovered to be appropriate, the plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

20. Collection letters, such as those sent by the defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

***Violations of the Fair Debt Collection Practices Act***

21. The defendant's actions violate the Fair Debt Collection Practices Act.

22. Because the defendant violated of the Fair Debt Collection Practices Act, the plaintiff and the members of the class are entitled to damages in accordance with the Fair Debt Collection Practices Act.

WHEREFORE, Plaintiff, respectfully requests that this Court enter judgment in his favor and on behalf of the members of the class, and against the defendant and award damages as follows:

(a) Statutory damages provided under the FDCPA, 15 U.S.C. 1692(k);

(b) Attorney fees, litigation expenses and costs incurred in bringing this action; and

(c) Any other relief that this Court deems appropriate and just under the circumstances.

Dated: Cedarhurst, New York
July 13, 2011

Adam J. Fishbein, P.C. (AF-9508)
Attorney At Law
**Attorney for the Plaintiff**
483 Chestnut Street
Cedarhurst, New York 11516
Telephone (516) 791-4400
Facsimile (516) 791-4411

Plaintiff requests trial by jury on all issues so triable.

Adam J. Fishbein (AF-9508)

**UCB, INC.**
United Collection Bureau, Inc.
P.O. BOX 140250
TOLEDO, OHIO 43614
866-764-9881

07/15/2010

LORI JOHNSON
6445 CATALPA AVE
GLENDALE NY

RE: **Wyckoff Heights Medical C**
ACCOUNT NUMBER: **W00500918644**
BALANCE DUE: **$696.19**

## *SPECIAL NOTICE*

*Your failure to reply to your creditor's previous notices has left us no alternative but to contact you for payment. Your willingness to satisfy this obligation can be demonstrated by contacting us at 866-764-9881. DO NOT remain silent; you have an obligation to pay this bill if there is no dispute involved.*

*Very truly yours,*
***UCB, INC.***
*United Collection Bureau, Inc.*
*5620 Southwyck Blvd., Suite 206*
*Toledo, Ohio 43614*

**DISCLOSURES REQUIRED BY FEDERAL LAW**

This is an attempt to collect a debt by UCB, Inc., a debt collector, and any information obtained will be used for that purpose.

Unless you notify this office within 30 days after receiving this notice that you dispute the valididty of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgement and mail you a copy of such judgement or verification. If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

**WARNING**

You are indebted to said Creditor in the shown amount. You must make payment in full to your Creditor or contact us to make payment arrangements.

If your creditor does not receive either payment in full or communication from you regarding arrangements, they will assume that you intend to ignore your obligation. Your creditor will then assign this debt for collection to enforce all permissible creditor's remedies against you, subject to the Fair Debt Collection Practices Act.

If you have already paid, please disregard this notice.

Your creditor accept checks, VISA, MasterCard, Discover, American Express, and debit cards.
For payment arrangements, please call toll free 866-764-9881

UCB

* Please make checks payable to your creditor and return the BOTTOM portion in supplied envelope. *

**P.O. BOX 140250**
**TOLEDO, OH 43614**
20



☐ Please enter address or insurance changes on back and check box

☐ VISA ☐ MasterCard ☐ American Express ☐ Discover ☐ DEBIT

| CARD NUMBER | | V-CODE |
|---|---|---|
| SIGNATURE | | EXP DATE |
| SERVICES FOR RODRIGUEZ, VICTOR | | |
| STATEMENT DATE 07-15-10 | ACCOUNT NUMBER W00500918644 | AMOUNT DUE $696.19 |

**ADDRESSEE:**

5671099 1 2
LORI JOHNSON
6445 CATALPA AVE
GLENDALE,NY 11385-5227

000058

**REMIT TO:**

Wyckoff Heights Medical C
PO Box 140250
Toledo, OH 43614